IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

NORTHERN DIVISION

| | |
|---|---|
| DALE D. EDWARDS,<br><br>               Plaintiff,<br><br>v.<br><br>SAM'S WEST, INC., d.b.a SAM'S CLUB,<br><br>               Defendant. | **MEMORANDUM DECISION AND ORDER**<br><br>Case No. 1:09CV179DAK<br><br>Judge Dale A. Kimball |

This matter is before the court on Defendant Sam's West, Inc.'s Motions for Summary Judgment. The court held a hearing on the motion on August 31, 2011. At the hearing, Plaintiff was represented by Philip C. Patterson, and Defendant was represented by Kathleen W. Toth and Aaron C. Garrett. The court took the motions under advisement. Having fully considered the motions, memoranda, and exhibits submitted by the parties as well as the facts and law relevant to this motion, the court enters the following Memorandum Decision and Order.

## BACKGROUND

Plaintiff began working for Sam's Club in July 1995 as a meat cutter. After various promotions and transfers, Plaintiff began working as a Fresh Assistant Manager for Sam's Club's Salt Lake City Club in 2006 and transferred to the Riverdale Utah Club in 2007. At all times during Plaintiff's employment, he was an at-will employee and he acknowledged that he was an

1

at-will employee.

In February 2008, Plaintiff requested leave pursuant to the Family Medical Leave Act ("FMLA") for a persistent problem with his back. Plaintiff had taken FMLA leave on three other occasions: for five days in 2005, four days in February 2006, and forty-two days in July 2006. Sam's Club granted Plaintiff's February 2008 leave.

In connection with the leave, Plaintiff signed a 2008 Leave of Absence Request attesting that he "fully understands [Sam's Club's] Leave of Absence Policy." Sam's Club makes its Leave of Absence Policy, as well as all of its policies, available on a company intranet website. All employees have access to computers at their place of employment and can access the site. Plaintiff testified that, as a manager, he was generally aware of most of Sam's Club's written policies. He also testified that he knew where to go to get help if he needed it.

When taking FMLA leave, Sam's Club employees are also given a leave of absence packet that tells them that if they have any questions regarding their leave, they should refer to the written policy or talk to their personnel manager. As is frequently the case, Plaintiff was given a printed out version of such a packet for his leave although it is contained on the company's intranet site as well. The leave of absence packet includes all of the required notices under the FMLA and required forms for the employee to fill out. Additional leave policies, however, are contained in Sam's Club's written leave of absence policy.

Sam's Club's Leave of Absence Policy provides, "[e]mployment with another employer and/or starting or furthering a self-employment venture is prohibited while on leave of absence unless approved by a member of the Executive Committee." Plaintiff had maintained part-time self employment from 1982 forward under the business name of Edwards Tax and Mortgage

Services. In connection with this business, Plaintiff provided tax return and accounting services and assisted individuals in obtaining mortgages. As part of his mortgage services, Plaintiff would help customers prepare the required documents and application and then send the application to Guffey Home Loans for approval. If the loan was approved, Plaintiff would split the fee with Guffey Home Loans. On his July 1995 employment application with Sam's West, he disclosed that part-time self-employment. While on FMLA leave in February and March 2008, Plaintiff continued to work at his tax and mortgage business.

Plaintiff, however, never sought or received written or verbal approval from anyone on the Executive Committee, or from any member of management, allowing him to engage in his own employment venture while he was on FMLA leave. Plaintiff claims that it was well known among his co-workers that he had this outside business. However, Plaintiff acknowledges that he never specifically told anyone that he was going to engage in outside self-employment while on his FMLA leave. Plaintiff also states that he engaged in this self employment business while he was on his prior FMLA leaves. However, there is no evidence that anyone at Sam's Club knew that Plaintiff had done so.

During Plaintiff's 2008 leave, Sam's Club's Market Asset Protection Manager, William Thurman, learned that Plaintiff was engaged in outside employment while on FMLA leave. Thurman launched an investigation and confirmed that Plaintiff was engaged in outside employment and working with Guffey Home Loans while on FMLA leave. Thurman met with Plaintiff to discuss the results of his investigation. Plaintiff admitted that he had been working while on FMLA leave. As a result, on March 20, 2008, Sam's Club terminated Plaintiff's employment for violating Sam's Club's Leave of Absence Policy.

Plaintiff brought this action alleging violations of the FMLA. Plaintiff is proceeding with two interference claims under 29 U.S.C. § 2615(a)(1) for wrongful interference with his approved leave and with his right to employment reinstatement. Plaintiff had also asserted an implied contract claim and an FMLA retaliation claim, but he did not oppose Defendant's motion for summary on those claims and is no longer pursuing those claims.

**DISCUSSION**

Defendant argues that Plaintiff's claim under the FMLA cannot survive summary judgment. To establish an FMLA interference claim, Plaintiff must establish: (1) he was entitled to FMLA leave; (2) some adverse action by the employer interfered with his right to take FMLA leave; and (3) the employer's action was related to the exercise or attempted exercise of his FMLA rights. *Defreitas v. Horizon Investment Mgt. Corp.*, 577 F.3d 1151, 1159 (10th Cir. 2009).

In this case, Sam's Club granted Plaintiff the leave time he requested under the FMLA and terminated him while he was on that leave. Therefore, the first two elements of a prima facie case are met. However, it is undisputed that Sam's Club terminated Plaintiff for engaging in outside employment while on FMLA leave in violation of the Leave of Absence policy. The FMLA specifically provides that "[i]f the employer has a uniformly-applied policy governing outside or supplemental employment, such a policy may continue to apply to an employee while on FMLA leave." 29 C.F.R. § 825.216(e). An employee on FMLA leave is not exempted from an employer's work rules. *Bones v. Honeywell Intern. Inc.*, 366 F.3d 869, 878 (10th Cir. 2004).

Although there is no specific precedent in the Tenth Circuit, two other circuits addressing this issue have held that an employer does not violate the FMLA if it refuses to reinstate an employee who has violated a uniformly-applied company rule against working while on FMLA

4

leave.  *See Pharakhone v. Nissan N. Am. Inc.*, 324 F.3d 405, 407-08 (6th Cir. 2003); *Sepe v. McDonnell Douglas Corp.*, 176 F.3d 1113, 1115-16 (8th Cir. 1999), *cert. denied*, 528 U.S. 1062.

In *Sepe*, the plaintiff was continuously employed except for a one-year period when he was laid off.  During his lay-off, the plaintiff and his wife started an excavating business.  *Id.* at 1114.  Like Sam's Club, the employer did not prohibit its employees from working a second job, but it did prohibit its employees from working another job while on a leave of absence from the company.  *Id.*  After the plaintiff was reinstated from the lay-off, the plaintiff requested and was granted FMLA leave in connection with the birth of a child.  *Id.* at 1115.  While on leave, the plaintiff continued working in his excavating business, his employer discovered it, and terminated his employment.  *Id.*

The Eighth Circuit found that the plaintiff was fired for violating the policy against working while on leave and not in retaliation for exercising his rights under the FMLA.  *Id.*  The court stated that the employer "was within its rights . . . to fire [the plaintiff] after he engaged in such employment without written permission to do so."  *Id.* at 1115-16.

In *Pharakhone*, the Sixth Circuit pointed out that whether an employer violates the FMLA depends on why the employee was not reinstated.  324 F.3d at 406.  "If the employee cannot show that he was discharged because he took leave–or at least that his taking of leave was a "negative factor" in the employer's decision to discharge him–he cannot show a violation of the FMLA."  *Id.*

In this case, there is no dispute that Sam's Club terminated Plaintiff for violating its Leave of Absence policy by working in outside employment while on leave.  Plaintiff, however, argues that he was not given proper individual notice of Sam's Club's policy against outside

5

employment when his leave of absence was approved. But none of the regulatory notice provisions cited by Plaintiff require Sam's Club to provide Plaintiff with "individualized notice" when he was "approved for his FMLA leave."

The Department of Labor's regulations state that the employer's eligibility notice to employees approved for FMLA leave requires employers to "provide written notice detailing the specific expectations and obligations of the employee and explaining any consequences of a failure to meet these obligations." 29 C.F.R. § 825.300(c)(1). This regulation list seven specific categories of information that must be included in a specific notice. *See id.* However, the regulation does not require specific notice of a policy prohibiting outside employment while on leave. *See id.* § 825.300(c)(2) ("The notice of rights and responsibilities may include other information . . . but it is not required to do so.")

Sam's Club's leave of absence packet includes all the required notices under the FMLA and directs the employee to the written Leave of Absence Policy on the company intranet. The policy provision prohibiting outside employment while on leave is not in the leave of absence packet but is contained in the full Leave of Absence Policy. The provision regarding outside employment notifies the employee that he or she is not permitted, without express permission, to engage in such employment and that engaging in such employment could result in the employee's termination. Therefore, the provision provides a clear prohibition and the possible consequences.

Plaintiff takes issue with the fact that Sam's Club did not provide him with the full written policy along with the leave of absence packet. Both the leave of absence packet and policy are stored on Sam's Club's intranet. All of Sam's Club's policies are located on the

company intranet. By placing the Leave of Absence Policy on the intranet, the policy is available to every employee 24 hours a day, 7 days a week. While the leave of absence packet is frequently printed out and handed to the employee requesting leave because it contains the necessary forms for the employee to complete and sign, the employee can access both the leave of absence packet and policy on the company intranet. The leave of absence packet also refers the employee to the written policy for any additional questions and asks the employee to sign whether the employee is familiar with the policy, not just the contents of the packet.

As an employee and assistant manager for 12 years, Plaintiff received information and training regarding Sam's Club's policies and where to find them. Plaintiff acknowledged that he knew where to go when he needed to get help. He testified that if he had a question about Sam's Club's Leave of Absence Policy, he would go to personnel. The Leave of Absence packet directs employees to "talk with your personnel manager and refer to the written policy." Moreover, in this case, Plaintiff signed the acknowledgment that he fully understood Sam's Club's Leave of Absence Policy. He makes no assertion that he could not access the company intranet.

Under the FMLA, there is no specific requirement that an employer must print out electronically stored policies for their employees. The policies in this case were known to be on the company's intranet and employees were trained to access them. Based on the undisputed facts, there is no basis for finding that Sam's Club failed to comply with the notice requirements of the FMLA.

Plaintiff further argues that while there is an FMLA regulation allowing employers to have a uniformly-applied policy prohibiting outside employment during a leave of absence, Sam's Club's outside employment provision is not a uniformly-applied policy because Sam's

Club did not enforce the policy on his previous leaves of absence. Plaintiff states that he disclosed his outside employment on his application with Sam's Club and that he discussed doing taxes or mortgages with co-workers. However, Plaintiff admitted that, although he talked about his outside business with co-workers, he never told anyone at Sam's Club that he planned on doing taxes and mortgages during his 2008 leave of absence. There is also no evidence that anyone at Sam's Club was aware of Plaintiff working at his outside employment during any of his previous leaves of absence. It is also undisputed that Plaintiff never sought or received approval from any member of the Executive Committee to work in outside employment while on his 2008 leave or any previous leave. The only evidence in the record demonstrates that once Sam's Club learned Plaintiff was working while on leave, they investigated it, and enforced the provision. Therefore, there is no evidence that the provision is not a uniformly-applied policy.

The rights to FMLA leave and reinstatement are not absolute. An employee must abide by the employer's rule against outside employment while on leave. *Pharakhone*, 324 F.3d at 407-08. In this case, the undisputed evidentiary record establishes that Sam's Club had a documented policy prohibiting outside employment while on leave, Plaintiff engaged in outside employment while on leave, and Sam's Club terminated Plaintiff after discovering that he had engaged in outside employment while on leave. Plaintiff has presented no evidence that Sam's Club terminated him because he took FMLA leave or even that his taking of leave was a negative factor in Sam's Club's decision to terminate him. Sam's Club had the right to enforce its policy without violating the FMLA. Accordingly, the court grants Sam's Club's motion for summary judgment.

## CONCLUSION

Based on the above reasoning, Defendant's Motion for Summary Judgment is GRANTED. The Clerk of Court is directed to close the case. Each party shall bear its and his own fees and costs.

DATED this 6th day of September, 2011.

BY THE COURT:

_____
Dale A. Kimball,
United States District Judge